T.C. Memo. 2018-163

UNITED STATES TAX COURT

ALEJANDRO HERNANDEZ, JR., AND EDITH G. ROMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3069-17.                      Filed September 25, 2018.

Alejandro Hernandez, Jr., and Edith G. Roman, pro sese.

<u>Brock E. Whalen</u> and <u>Donald D. Priver</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $5,410 and an

accuracy-related penalty of $1,082 under section 6662(a) with respect to

petitioners' 2014 Federal income tax.  All section references are to the Internal

Revenue Code in effect for the tax year in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure.

[*2]    After concessions,[1] the issues for decision are whether petitioners:

(1) failed to report cancellation of indebtedness income under section 61(a)(12)

and (2) substantiated deductions claimed on their Schedule C, Profit or Loss From

Business.

### FINDINGS OF FACT

Petitioners Alejandro Hernandez, Jr., and Edith G. Roman resided in Texas

when they filed their petition.  At trial petitioners refused to stipulate any

documents, refused to testify, and stated on the record that they did not intend to

offer evidence regarding their income and deductions.

Petitioners filed a 2014 Federal income tax return which included a

Schedule C on which they claimed various business expense deductions.

Respondent received a Form 1099-C, Cancellation of Debt (COD), from

Department Stores National Bank indicating that petitioners had received COD

income of $1,136.85 in 2014.  Petitioners did not report the purported COD

income on their 2014 return.

---

[1]  Respondent conceded the sec. 6662(a) accuracy-related penalty in his
pretrial memorandum.

[*3]   On November 15, 2016, respondent timely issued petitioners a notice of deficiency determining that they had unreported COD income of $1,136.  Therein respondent also disallowed most of petitioners' Schedule C expenses, stating: "We have disallowed the amount shown on your return because you did not furnish information needed to support the claimed deduction."  Respondent's disallowances are as follows:

| Expense | Amount |
| --- | --- |
| Travel | $3,000 |
| Office | 1,651 |
| Legal/professional services | 10,000 |
| Car and truck | 8,880 |
| All other[1] | 10,243 |
| Total | 33,774 |

[1]  The "all other" category of expenses includes:  post office box, postage fees, cellular/internet, software, reference books, advertising, rent/lease, and supplies.

Petitioners timely filed a petition with this Court for redetermination.

[*4]                                    OPINION

I.      Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.[2] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The U.S. Court of Appeals for the Fifth Circuit, where an appeal in this case generally lies, has recognized that "a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination." Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), aff'g in part, rev'g in part and remanding in part T.C. Memo. 1990-68. If the Commissioner's determination is deemed arbitrary, the presumption of correctness does not apply, and the Commissioner will bear the burden of proving it correct. Id.

---

[2] The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary with regard to all reasonable requests for information. Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B). Petitioners do not contend that sec. 7491(a)(1) should shift the burden here; and because petitioners did not even attempt to put on evidence, they did not satisfy that section's requirements.

**[\*5]** Citing <u>Portillo v. Commissioner</u>, petitioners argue that respondent's determination that petitioners received unreported COD income was arbitrary because respondent relied on a third-party information return. However, we find <u>Portillo</u> to be distinguishable from the instant case.

In <u>Portillo</u> the Commissioner presented no compelling evidence of the alleged underreported income other than the difference between Mr. Portillo's contractor's Form 1099 and Mr. Portillo's tax return. Here, in addition to the Form 1099-C, respondent provided a 2014 credit card statement from Department Stores National Bank showing a balance due from petitioner husband of $1,532.79. This evidence demonstrates that petitioner husband was the account holder and owed a debt in excess of the $1,136.85 shown on the information return as canceled. <u>Portillo</u> dealt with a situation where the Commissioner failed to supply compelling predicate evidence of the unreported income. Here, however, respondent did supply documentary predicate evidence supporting the notice of deficiency.[3]

Furthermore, petitioners did not make any effort to deny that they received the income in question. Consequently, we cannot consider them to have made a

---

[3] Because respondent has provided substantive evidence of petitioners' unreported COD income, the deficiency notice is not a "naked assessment" as petitioners contend. <u>See</u> <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 691 (1989).

**[\*6]** reasonable denial, and they have not established that the determination in the notice that they received unreported income was arbitrary.[4]

Having assigned the burden of proof, we turn to an analysis of the applicable law as it relates to the issues presented.

II.     Unreported Income

We first address whether petitioners failed to report COD income under section 61(a)(12).

Gross income includes all income from whatever source derived. Sec. 61(a). COD income is specifically included as an item of gross income. Sec. 61(a)(12). The record establishes that petitioners received income from cancellation of a credit card debt to Department Stores National Bank. While petitioners objected to the documents respondent offered to establish their income, they offered no evidence of their income despite repeated requests to do so. We

---

[4] Under sec. 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. Petitioners have not raised any reasonable dispute with respect to the accuracy of the information return. Consequently, the burden of production with respect to the income did not shift to respondent under sec. 6201(d).

**[\*7]** therefore sustain respondent's determination that petitioners received COD income of $1,136 from Department Stores National Bank in 2014.

III.    Schedule C Deductions

We next decide whether petitioners substantiated the deductions claimed on their Schedule C.

Deductions are a matter of legislative grace, and taxpayers have the burden of showing that they are entitled to any deduction claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Additionally, taxpayers bear the burden of substantiating the amount and purpose of the item claimed as a deduction.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Petitioners refused to introduce any evidence or testimony to substantiate their reported business expenses, arguing instead that respondent should bear the

[*8] burden of proof.[5]  For the reasons stated <u>supra</u> part I, petitioners' motion to shift the burden of proof was denied.

At trial the Court warned petitioners that their filing of a motion to shift the burden of proof would not excuse them from their burden to substantiate their reported business expenses and offered them several additional opportunities to introduce evidence to satisfy their burden.  However, petitioners continued to assert their argument that the burden of proof should be shifted to respondent and offered no testimony or other evidence to substantiate their reported business expenses.  Accordingly, we sustain respondent's disallowance of petitioners' deductions for business expenses claimed on their Schedule C.

By filing a petition in this Court, petitioners gained an opportunity for a de novo redetermination of the deficiency determined in the notice.  The Court even granted petitioners a four-month continuance at a previous trial session to give them an opportunity to secure evidence supporting their return positions.  Instead of taking advantage of this opportunity, petitioners refused to cooperate with the

---

[5]  Petitioners alleged that the revenue agent who conducted the audit of their tax returns was deceitful and unfair during the examination.  Because petitioners failed to offer any evidence at trial, we find that the record shows no evidence of misconduct.

**[\*9]** Court and failed to present substantiating evidence.  Accordingly, we uphold respondent's determination.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing and respondent's concession,

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662(a) accuracy-related penalty</u>.